IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.                                                                                 No. 2:23-po-00079-MIS

ROBERTO CARLOS CORTEZ-RODAS,

    Defendant-Appellant.

**MEMORANDUM OPINION AND ORDER**
**<u>AFFIRMING DECISION OF UNITED STATES MAGISTRATE JUDGE</u>[1]**

THIS MATTER is before the Court on Defendant-Appellant Roberto Carlos Cortez-Rodas' appeal from the judgment and sentence entered by United States Magistrate Judge Jerry H. Ritter on May 11, 2023, ECF No. 7. Mr. Cortez filed a notice of appeal on May 22, 2023. ECF No. 8. Mr. Cortez filed his brief on June 23, 2023. ECF No. 11-1. The United States filed its response on June 26, 2023. ECF Nos. 13–14.[2] Mr. Cortez did not file a reply by the deadline. *See* D.N.M. LR-Crim. 58.2(c).

This Court has jurisdiction over the appeal. *See* 18 U.S.C. § 3402. Likewise, the Court has authority to review the final sentence pursuant to 18 U.S.C. § 3742(h).[3] Having considered the

---

[1] The Order to Show Cause is hereby quashed, based on Plaintiff-Appellee's decision not to contest the issue of whether the Appellant's Brief was timely filed pursuant to D.N.M. Local Rule (Crim.) 58.2(a), as well as the fact that dismissal of an appeal for failure to comply with procedural rules is not favored. *See, e.g., Gov't of Virgin Islands v. Mills*, 634 F.3d 746, 751 (3d Cir. 2011). In its discretion, the Court will deem the Appellant's Brief filed as of June 23, 2023. *See* ECF No. 11-1 (Appellant's Brief).

[2] The United States submitted the exhibits to its response on June 27, 2023. ECF No. 14.

[3] Because this case involves a Class B misdemeanor conviction, the federal sentencing guidelines do not apply. *See* U.S. Sent'g Guidelines Manual § 1B1.9 (U.S. Sent'g Comm'n 2021).

1

record, the parties' briefing, and applicable law, the Court finds that the sentence imposed by the Magistrate Judge is reasonable under 18 U.S.C. § 3742(a)(4) and will therefore affirm.

## BACKGROUND

The Criminal Complaint alleged the following facts:

> On May 03, 2023, a United States Border Patrol Agent encountered the Defendant in Doña Ana County, New Mexico. When questioned as to his citizenship the Defendant admitted to being a citizen of El Salvador without authorization to enter or remain in the United States. The Defendant knowingly entered the United States illegally on May 02, 2023, by crossing the U.S./Mexico International Boundary afoot, approximately two mile(s) west of the Santa Teresa, New Mexico Port of Entry. This area is not a Port of Entry as designated by the Appropriate Authority of the United States. Thus, the Defendant is present in the United States without admission by an Immigration Officer.

ECF No. 1 at 1. On May 11, 2023, in response to the allegations made in the Criminal Complaint, Mr. Cortez pleaded guilty to improper entry without inspection, a misdemeanor, in violation of 8 U.S.C. § 1325(a)(1). *See* ECF Nos. 1, 5.

The Magistrate Judge held a sentencing hearing on May 11, 2023. *See* ECF Nos. 7, 14-1. At the sentencing hearing, the United States requested a sentence of six months, the statutory maximum,[4] due to a "History of Aggravated Homicide in El Salvador," as stated in one or more May 2023 United States Border Patrol reports. ECF Nos. 11-2 at 2, 14-1 at 8–11. A portion of one of the Border Patrol reports was read into the record by counsel for the United States, as follows:

> The defendant claimed that between 2016 and 2019 he was involved in several gunfights where he killed several gang members in the course of his official duties as a police officer. He admitted that he's killed over 15 gang members. He admitted he was involved in four different cases where he was accused of murder. He claimed he was cleared of - cleared of those four cases and continued to work in the police department.

---

[4] *See* 8 U.S.C. § 1325 (maximum sentence of six months for first offense).

2

> However, in 2019 he said he was accused by another team member of murdering two MS-13 gang members. He said he was charged with double homicide and spent two years in prison. He was -- he was paroled on that case and then subsequently re-entered the United States unlawfully.[5]

*Id.* at 10. In response, Mr. Cortez's attorney disputed the information in the report, arguing that none of the information cited by the United States was reliable as it had not been corroborated. *Id.*; ECF No. 14-1 at 12. Mr. Cortez's attorney also requested that the Magistrate Judge "impose a sentence of time served" so that the facts surrounding the alleged criminal history could be resolved by an immigration court, based on Mr. Cortez's fear of returning to his home country, where he previously "served as a police officer and had trouble with gangs." *Id.* at 12–13.

Ultimately, the Magistrate Judge granted the United States' request and sentenced Mr. Cortez to six months in custody. ECF No. 14. This was based on the Magistrate Judge's assertion that "this is a more serious [case]," based, at least in part, on the information in the Border Patrol report. *See* ECF No. 14-1 at 14 (finding that, although the information cited by the United States was insufficient to establish guilt beyond a reasonable doubt, there was sufficient information that "would cause immigration authorities to stop and want to investigate further before allowing [Mr. Cortez] admission into the United States").

---

[5] At the sentencing hearing, Mr. Cortez's counsel objected that the information contained in the Border Patrol report was "uncorroborated," but did not object on the basis of authenticity. *See* ECF No. 14-1 at 12. Therefore, the Court finds that the Magistrate Judge had sufficient basis to conclude that the information read into the record by the United States' counsel was, in fact, what was contained in the Border Patrol report, separate from Mr. Cortez's dispute over the veracity of this information.

3

## ISSUE ON APPEAL

The issue raised by Mr. Cortez is as follows:

Whether or not Mr. Cortez-Rodas' sentence of six (6) months was based on unreliable and erroneous information, was plainly unreasonable under the facts of this case, was inadequately explained by the court, and was therefore an abuse of discretion.

## STANDARD OF REVIEW

"A defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed. R. Crim. P. 58(g)(2)(B). "The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D). Under 18 U.S.C. § 3742(a)(4), "[a] defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . . was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable."

Courts "review sentences for reasonableness under a deferential abuse of discretion standard." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). "A sentence is substantively unreasonable if the length of the sentence is unreasonable given the totality of the circumstances in light of the 18 U.S.C. § 3553(a) [sentencing] factors." *Id*. "A sentence is procedurally unreasonable if the [sentencing] court incorrectly . . . fails to consider the [statutory sentencing] factors, relies on clearly erroneous facts, or inadequately explains the sentence." *Id*.

## ANALYSIS

The Court hereby finds that the Magistrate Judge did not abuse his discretion in sentencing Mr. Cortez for the reasons stated below:

First, regarding the substantive reasonableness of the sentence, the Court does not find that the length of the sentence is unreasonable, given the totality of the circumstances contained in the record, as well as the 18 U.S.C. § 3553(a) sentencing factors considered by the Magistrate Judge. *See id.* Specifically, the Magistrate Judge found that the nature and circumstances of the offense and history and characteristics of Mr. Cortez were such that his actions in entering the country unlawfully "[denied] immigration authorities the ability to" investigate his criminal history and suitability for entry into the United States. ECF No. 14-1 at 14. Although Mr. Cortez alleges that he had "no criminal history" (ECF No. 11-1 at 5) and that he did not make the statements contained in the Border Patrol report (*id.* at 7), the Magistrate Judge found that, regardless of this dispute, Mr. Cortez's actions in entering the country unlawfully were designed to thwart the ability of immigration officials to determine his suitability for entry.[6] Specifically, the Magistrate Judge found that "this is a more serious [case]," based, at least in part, on questions over the information contained in the Border Patrol report, as well as Mr. Cortez's actions in entering the United States unlawfully. ECF No. 14-1 at 14. The Court cannot find that the Magistrate Judge failed to consider the appropriate § 3553(a) sentencing factors or that the sentence is otherwise substantively unreasonable, based on the record.[7] *See United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir.

---

[6] Mr. Cortez contends that the Magistrate Judge improperly considered hearsay when he considered Mr. Cortez's alleged statement that he had committed multiple homicides while working as a police officer in El Salvador and served two years in prison for some of the homicides. ECF No. 11-1 at 7. On the other hand, the United States contends that the Magistrate Judge "did not rely on the accuracy of" this information when imposing the sentence. ECF No. 13 at 7.

[7] Mr. Cortez argues that the Magistrate Judge improperly concluded that Mr. Cortez had been removed from the country before. *See* ECF No. 11-1 at 6. However, the Magistrate Judge did not consider this information for

2013) ("A sentencing decision is substantively unreasonable [only] if it 'exceeds the bounds of permissible choice, given the facts and the applicable law.'") (quoting *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007)).

Second, the Court cannot find that the sentence is procedurally unreasonable. As already stated, "[a] sentence is procedurally unreasonable if the [sentencing] court incorrectly . . . fails to consider the [statutory sentencing] factors, relies on clearly erroneous facts, or inadequately explains the sentence." *Haley*, 529 F.3d at 1311. Because Mr. Cortez did not object to the procedural reasonableness of his sentence during sentencing, the Court reviews the Magistrate Judge's decision for plain error, specifically, "(1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007). For reasons already stated, the Court finds that the Magistrate Judge *did* consider the statutory sentencing factors and *did not* rely on clearly erroneous facts.

Finally, regarding the Magistrate Judge's explanation of the sentence, even assuming that the Magistrate Judge somehow committed error by inadequately failing to explain the sentence, and assuming that Mr. Cortez's rights were thereby affected, the Court does not find that Mr.

---

sentencing purposes, and therefore this argument is without merit. *See* ECF No. 14-1 at 13 (accepting the United States' withdrawal of its argument that Mr. Cortez had been removed one week prior to the sentencing hearing).

Additionally, the Court notes that the only sentencing factor argued by Mr. Cortez's counsel in detail was the first 18 U.S.C. § 3553(a) sentencing factor (i.e., "the nature and circumstances of the offense and the history and characteristics of the defendant"). *See generally* ECF No. 11-1 at 5–9.

Mr. Cortez did make a brief argument that "typically a defendant with no criminal history is granted a sentence of time served" (and that, therefore, the Magistrate Judge imposed an unwarranted sentencing disparity), but as already stated, the Magistrate Judge cited information suggesting that Mr. Cortez was not similarly situated to other defendants, given serious questions over Mr. Corez's criminal history. *See also* ECF No. 13 at 8 (United States' response) ("In making the disparate treatment argument, Defendant ignores the fact that he is not similarly situated to defendants with no criminal history because [there are allegations that] he admitted to Border Patrol agents that he had been imprisoned for murder in El Salvador, serving two years before being paroled.").

Cortez has met his heavy burden of showing that the fairness, integrity, or public reputation of the judicial proceedings has been called into question, much less violated by the Magistrate Judge. *See, e.g., United States v. Toro-Pelaez*, 107 F.3d 819, 827 (10th Cir. 1997) ("[T]he plain-error exception to the contemporaneous-objection rule is to be 'used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result.'"). Given that the Magistrate Judge provided an explanation for the sentence, and given that Mr. Cortez has not shown that a miscarriage of justice would result if the sentence is not overturned, the Court will not disturb the Magistrate Judge's sentence on appeal.

## CONCLUSION

For the foregoing reasons, the decision of United States Magistrate Judge Jerry H. Ritter dated May 11, 2023, ECF No. 7, is hereby **AFFIRMED**. Mr. Cortez shall serve the sentence imposed.

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE